UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

TRESTON IRBY, RUSSELL NEAL AND
MARCUS SANDERS,

        Plaintiffs,

  -v-                                                                                               No. 05 Civ. 9935 (LTS)(KNF)

ANTHONY THOMPSON, N-DEPTH
ENTERTAINMENT, COLD FRUNT
PRODUCTIONS LLC, ONE STOP
DISTRIBUTION, CD UNIVERSE,
RN'D DISTRIBUTION LLC, THE
MUSICLAND GROUP, INC., RECORD
TOWN, INC., WAL-MART STORES, INC.,
EBONYLIFESTYLES.COM and JOHN
DOES 1-4,

        Defendants.

-------------------------------------------------------x

### ORDER TO SHOW CAUSE AND MEMORANDUM OPINION AND ORDER RELATING TO PLAINTIFFS' SECOND MOTION FOR SUMMARY JUDGMENT

This action arises out of the alleged use and dilution of the mark "Hi-Five" by deceased defendant Anthony Thompson and others, via the production, marketing, and distribution of recordings under the "Hi-Five" name without the consent of former "Hi-Five" band member plaintiffs Treston Irby, Russell Neal and Marcus Sanders ("Plaintiffs").

In the instant motion, Plaintiffs seek summary judgment as to liability on their claims under the Federal Trademark Dilution Act ("FTDA"), 15 U.S.C.A. § 1125(c) (West. Supp. 2007), with respect to defendant RN'D Distribution, LLC ("RN'D"), a media marketing and

distribution business that allegedly marketed and distributed the recordings in question.[1]  The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.[2]

### BACKGROUND

The Court offers the following non-exhaustive recital of the relevant procedural history of the case to provide necessary context for this decision.  Plaintiffs filed a second amended complaint on January 27, 2006 (docket entry no. 6).  RN'D moved for dismissal for lack of subject matter jurisdiction over the controversy and lack of personal jurisdiction over RN'D (docket entry no. 15).  The Court denied that motion as well as RN'D's motion to transfer venue (docket entry nos. 45, 71).

Plaintiffs moved for summary judgment and a preliminary injunction on June 9, 2006 (docket entry no. 51), and supported their motion with an affidavit with supporting exhibits from Plaintiff Irby, dated March 22, 2006 (docket entry no. 54), and three affidavits with supporting exhibits from Plaintiffs' attorney Christopher Brown, Esq., dated March 12, 2006, May 12, 2006, and June 9, 2006, respectively (docket entry nos. 55, 56, and 58) (collectively, the "2006 Affidavits").  The Court denied Plaintiffs' motion in all respects (docket entry no. 73).  Irby v. Thompson, No. 05 Civ. 9935, 2007 WL 20122406, * 1 (S.D.N.Y. July 11, 2007) ("Irby I").  With respect to Plaintiffs' request for summary judgment on their dilution claim, the Court stated

---

[1] Plaintiffs' Notice of Motion for Summary Judgment (docket entry no. 87) expressly states that it seeks summary judgment against RN'D only.  Many of the other named defendants have never appeared in this action; some defendants apparently have never been served in accordance with Rule 4 of the Federal Rules of Civil Procedure.

[2] Plaintiffs' second amended complaint originally asserted claims under New York state law as well.  None of those claims are being pursued in the instant motion practice.

> Plaintiffs [have not] proffered sufficient evidence to warrant a grant of summary judgment on their dilution claims. They have not presented competent evidence establishing that their mark is famous, nor of likelihood of dilution of the mark by reason of RN'D's activities.

Id. at *3.

The Court directed the parties to appear before Magistrate Judge Fox for a settlement conference, subsequent to which Magistrate Judge Fox issued an order directing that discovery be completed by November 30, 2007 (docket entry no. 79). Plaintiffs filed the instant summary judgment motion on November 5, 2008 (docket entry no. 87). Plaintiffs support this motion with a memorandum of law and the same affidavits that they presented in support of their previous motion for summary judgment (docket entries 89 - 92 are duplicative of the 2006 Affidavits). RN'D submitted opposition papers and Plaintiffs have submitted a reply. The Court has considered thoroughly all of the submissions. For the following reasons, Plaintiffs' motion is denied.

## DISCUSSION

Summary judgment is to be granted in favor of a moving party where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of establishing that there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). A fact is considered material to summary judgment "if it 'might affect the outcome of the suit under the governing law,'" and an issue of fact is a genuine one where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Holtz v. Rockefeller & Co. Inc., 258 F.3d 62, 69 (2d Cir. 2001) (quoting Anderson, 477

U.S. at 248).  The Second Circuit has explained, however, that "[t]he party against whom summary judgment is sought . . . 'must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.'"  Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)).

In order to establish liability for money damages under 15 U.S.C. § 1125(c), a plaintiff must demonstrate either that the defendant "willfully intended to trade on the recognition of the famous mark" and caused or is likely to cause "dilution by blurring," or that the defendant "willfully intended to harm the reputation of the famous mark" and caused or is likely to cause "dilution by tarnishment."  15 U.S.C.A. 1125(c)(5) (West. Supp. 2007).  The genuine issues of material fact that preclude summary judgment here include, but are not necessarily limited to, the parties' dispute as to whether the "Hi-Five" mark is a famous mark.[3]  Plaintiffs have provided no evidentiary proffers to establish the mark's fame other than information contained in documents purporting to be printouts from the website of the Recording Industry Association of America ("RIAA"), for which they have not proffered the necessary foundational support and authentication pursuant to the Federal Rules of Evidence.[4]  See Fed. R. Evid. Art. VIII.  These proffers were

---

[3] The Court need not and, accordingly, does not determine whether Plaintiffs have established as a matter of law that RN'D's alleged conduct constitutes "willful" conduct, nor whether Plaintiffs have enforceable ownership rights in the "Hi-Five" mark.

[4] The Court need not and, accordingly, does not determine whether the sales figures proffered through the RIAA records would be sufficient to establish "Hi-Five" as a  famous mark.

found insufficient to establish the mark as a famous mark in Irby I,[5] and the same result obtains here.[6]  Accordingly, Plaintiffs have not carried their burden of demonstrating that the "Hi-Five" mark is famous as a matter of law.

### CONCLUSION

For the foregoing reasons, Plaintiffs' second motion for summary judgment is denied.  This resolves docket entry no. 87.  No further dispositive pre-trial motions will be entertained.  The conference currently scheduled for June 9, 2009, is adjourned.  The parties shall promptly contact Magistrate Judge Fox's chambers to schedule a settlement conference.  If the parties fail to settle their dispute, they shall appear for a Final Pre-Trial Conference on **Friday, August 14, 2009**, at **4:00 p.m.**  The parties must confer and make submissions in advance of the Final Pre-Trial Conference as required by the previously entered Pre-Trial Scheduling Order

---

[5] Plaintiffs' decision to move a second time for summary judgment without providing any additional evidence to support their claim could be construed as a motion for reconsideration of Irby I under Federal Rule of Civil Procedure 59(e), albeit an untimely one.  "A movant for reconsideration bears the heavy burden of demonstrating that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice."  Virgin Airways v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted).  Plaintiffs have not met that burden.

[6] The Court is not persuaded that the facts set forth in the purported RIAA records are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned" such that the Court should appropriately take judicial notice of them pursuant to Rule 201 of the Federal Rules of Evidence.  Fed. R. Evid. 201; compare Anderson v. Rochester-Genesee Reg'l Transp. Auth., 337 F.3d 201, 205 n.4 (2d Cir. 2003) (taking judicial notice of related district court decision) and Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991) (permitting judicial notice of documents filed with the Securities and Exchange Commission) with In re Take-Two Interactive Sec. Litig., 551 F. Supp. 2d 247, 261 n.4 (S.D.N.Y. 2008) (declining to take judicial notice of unauthenticated, unsigned documents of the Entertainment Software Ratings Board).

Plaintiffs are further directed to SHOW CAUSE, by a written submission filed with the Court (with a courtesy copy provided to Chambers), on or before June 26, 2009, as to why Plaintiffs' claims against all defendants other than RN'D should not be dismissed for failure to prosecute, pursuant to Rule 41 of the Federal Rules of Civil Procedure.

This document resolves docket entry no. 87.

SO ORDERED.

Dated: New York, New York
May 29, 2009

/s/ LAURA TAYLOR SWAIN
United States District Judge